DEPOSIT BANK OF MONROE COUNTY, KY., v. CHERRY et al. —98 S. W. (2d) 521.

Middle Section.    June 27, 1936.

Petition for Certiorari denied by Supreme Court, December 4, 1936.

Haile & Reneau, of Celina, for appellants.

Lawrence & Carter, of Tompkinsville, Ky., Chamberlain & Howser, of La Fayette, and Roberts, Roberts & McCall, of Nashville, for appellee.

FAW, P. J. ▮ On a former day of the present term, it was ordered that this case be stricken from the docket of this court, for the reason that the technical record, or record proper, did not show that there was a final decree rendered below, or that there was an appeal from any decree of the chancery court.

It appears from a petition filed by the appellants, W. W. Cherry and I. W. Mitchell, asking for a rehearing and for leave to suggest a diminution of the record, accompanied by a duly certified supplemental transcript, that there was in fact a final decree and an appeal therefrom to this court spread on the minutes of the chancery court in which the case was tried below, but which was omitted from the transcript of the technical record by oversight and inadvertence of the clerk and master of the chancery court.

The aforesaid petition of appellants for a reinstatement and rehearing of the case, and for leave to suggest a diminution of the

record, is granted, and our former judgment of April 18, 1936, striking this case from the docket, is vacated and set aside. The supplemental transcript exhibited with the petition will be filed as a part of the transcript of the record in this court, and the decree of the chancery court will be reviewed on the record.

In our memorandum opinion of April 18, 1936, attention was called to the fact that it did not appear from the transcript then filed that the filing of the bill of exceptions included therein had been authenticated by the signature of the clerk and master of the chancery court. It appears from the supplemental transcript and an affidavit of the clerk and master, that the bill of exceptions was in fact seasonably filed, and that such filing was properly authenticated by the clerk and master at the time the bill of exceptions was filed below, but by oversight or inadvertence the clerk and master failed to show such file mark on the transcript as originally filed.

The bill in this case was filed by Deposit Bank of Monroe County, Ky., a corporation chartered under the laws of the state of Kentucky to do a general banking business, with its banking house and principal office at and in the town of Tompkinsville, in the county of Monroe, state of Kentucky.

The defendants are W. W. Cherry and I. W. Mitchell, both of whom are adult resident citizens of the county of Clay in the state of Tennessee. Complainant bank sued to obtain judgment against the defendants Cherry and Mitchell for $1,500, with interest, attorney's fees, and costs, upon a promissory note dated August 25, 1931, payable to the order of complainant bank four months after its date, and made by E. S. Dalton as principal and the two defendants as sureties.

The defendants answered the bill (incorporating a demurrer in their answer) and denied liability to the complainant for any sum, and demanded a jury to try the issues of fact in the case.

The final decree recites that "an actual jury was waived by the parties in open court," and the cause was heard by the chancellor upon the pleadings, the depositions and exhibits on file, and the oral testimony of witnesses introduced before the court.

"All the evidence that was submitted to the court" (including certain stipulations of counsel for the parties) was preserved by bill of exceptions, and it is recited in the bill of exceptions that it was "agreed" that the cause "be heard by the Court under chapter 117 [chapter 119] of the Public Acts of 1917."

The chancellor decreed that complainant bank recover of defendants Cherry and Mitchell the sum of $1,622.50, representing the principal of the note sued on, with legal interest thereon and the costs of the cause. The defendants excepted to the decree of

the chancellor and appealed to this court and have assigned errors here.

The defenses set up by the defendants in their answer (and the demurrer incorporated therein) are sufficiently stated in the findings of the chancellor hereinafter set forth.

In view of certain contentions urged by defendants, the note in suit will be copied in full herein as follows:

"Tompkinsville, Ky.,
"August 25, 1931.

"Four months after date, we, or either of us, promise to pay to the order of Deposit Bank of Monroe County Fifteen Hundred Dollars Negotiable and payable at Deposit Bank of Monroe County, for value received, with interest after maturity until paid. The drawers and endorsers severally waive presentation for payment, protest and notice of protest, and non-payment of this note, and further agree that the time of payment may be extended without affecting their liability. In the event suit is brought upon this note, we, both makers and endorsers, agree to pay ten per cent additional, on principal and interest unpaid, for attorneys fees, minimum fee to be Five Dollars, which may be included in judgment. And we, and each of us, both makers and endorsers, hereby authorize J. H. Newman, at any time after this note becomes due, to go before any court of record, or before any Justice of the Peace, having jurisdiction of the amount, in the State of Tennessee, and confess judgment against us, in favor of the payee herein, or the holder hereof, by assignment or otherwise, for the principal amount, with interest and cost, and ten per cent attorneys fees, in accordance with the provisions of sections 4705, 4706, and 4707, Code of Tennessee, Shannon's Edition, 1896.

"E. S. Dalton
"W. W. Cherry, Surety
"I. W. Mitchell, Surety."

It is alleged in complainant's bill that E. S. Dalton, the principal on the note, is not made a party defendant to this suit for the reason that he is wholly insolvent and, since the execution of said note, has filed a voluntary petition in bankruptcy and "has been discharged."

At the beginning of the trial below the parties, through their counsel, stipulated as follows:

"1st. That in the State of Kentucky a provision for confession of judgment and for Attorney's fee, as was provided for in the note involved herein, is void, but that under said Kentucky law the entire note would not be vitiated.

"2nd. That the legal rate of interest allowed by law in Kentucky is six per cent, minimum and maximum.

"3rd. It was also stipulated by counsel that since the note rep-

resented by these renewals, was originally executed, eight per cent interest had been collected from the principal Dalton thereon.''

It also appears in the record that when the cause was called for trial one of the attorneys for complainant announced to the court that ''no recovery was sought in the cause for attorney's fee, as provided in the note.''

The learned chancellor filed a finding of facts in compliance with section 10620 of the Code, and, aside from a general assignment (assignment No. 6) that the chancellor erred in rendering a judgment against the defendants on said note, or contract, and in taxing defendants with the costs of the cause, the appellants' assignments of error are leveled at the chancellor's findings. Therefore, in order that the material facts of the case and the questions presented by assignments of error may be more clearly seen, we quote the chancellor's findings, as follows:

''The complainant in this cause sues the defendants on a promissory note dated August 21, 1931, at Tompkinsville, Kentucky, payable four months after date, to the order of Deposit Bank of Monroe County. The principal of the note sued on is $1500.00 and the note recites on its face it is negotiable and payable at Deposit Bank of Monroe County, for value received, with interest after maturity until paid.

''The said note also provides in the event suit is brought upon this note that both makers and endorsers agree to pay ten per cent additional on principal and interest unpaid, for Attorney's fee, the minimum fee to be $5.00 which may be included in the judgment, and we and each of us, both makers and endorsers hereby authorize J. H. Newman, at any time, after this note becomes due, to go before any court of record or before any Justice of the Peace, having jurisdiction of the amount in the State of Tennessee, and confess judgment against us in favor of the payee herein or holder hereof, by assignment or otherwise for the principal amount, with interest and cost and 10% Attorney's fee in accordance with the provisions of sections 4705, 4706, and 4707, Code of Tennessee, Shannon's Edition, 1896.

''The defendants in this suit are accommodation sureties of one E. S. Dalton, who is the principal on this note, but who is not sued in this cause.

''The complainant is a corporation chartered under the laws of the State of Kentucky to do a general banking business with principal offices at Tompkinsville, Kentucky, and J. H. Newman is the President of said bank, and a citizen of Tompkinsville, Kentucky.

''Both of the defendants are citizens and residents of Clay County, Tennessee.

"It appears that the note ·sued on has been renewed from time to time, since the original note was executed on April 28, 1925. However, the defendants, W. W. Cherry and I. W. Mitchell have not been on the note during this entire period; W. W. Cherry became surety thereon on December 25, 1929, and both of the defendants became sureties thereon on August 26, 1931.

"The note in question was signed by the defendants in the State of Tennessee, and mailed to the complainant Bank in Kentucky, and accepted and approved at the Bank in Tompkinsville, Kentucky, where records were made of the transaction and at which place the Bank had the power and authority to either accept or reject the note.

"It appears further that the Agents of the Complainant Kentucky Bank came to Tennessee on one occasion in an effort to collect the note sued on in this cause and had an opportunity at that time to take a renewal, but no collection or renewal was made.

"It was further stipulated in open Court between counsel for the respective parties to this cause that in the State of Kentucky a provision in a note for confession of judgment and for Attorney's fees as was provided for in the note in question, is void, but that under the Kentucky law, the entire note would not be vitiated, but that the parties suing thereon could not enforce a contract to the extent of the Attorney's fee.

"It was also stipulated by counsel that since the note represented by these renewals, was originally executed, nine per cent had been collected from the principal, Dalton, thereon, and since this cause was called for trial, it was announced to the Court that no recovery was sought for Attorney's fee, as provided in the note, the complainant stating that it did not desire to secure judgment for the Attorney's fee.

"It appears further from the proof that the legal rate of interest in Kentucky is 6%, the same as in Tennessee.

"The defenses made in this cause that the complainant cannot sue on the note in question in the State of Tennessee, because, the complainant has not complied with the laws of the State of Tennessee, with reference to domestication in this State, as a precedent to doing business here, and it is insisted that the contract in question, as evidenced by the note sued on, is under all the facts and circumstances, a Tennessee contract, and not a Kentucky contract and not an interstate transaction.

"It is further insisted in the answer for the defendants that the complainant has, for a number of years, twenty-five or thirty years, conducted a substantial part of its business in the State of Tennessee, in open violation of its laws; that it has filed bills and foreclosed mortgages in the courts of this State, and that J. H. Newman has confessed judgment in favor of complainant bank on

various notes, before Justices of the Peace in this State, and that he has, in violation of Kentucky Statutes, confessed judgments for attorney's fees as provided in the face of said note.

"It appears further that the complainant has done considerable business with Tennessee citizens, and this is shown by the Minute Records of this Court in cases where said confessed judgments and foreclosures were made,—in some seventeen or more separate cases, since about the year 1923, however, the details of each of these transactions are not before the court and the court is unable to find, as a matter of fact, whether these transactions were handled in a manner which would constitute doing business in said State in violation of law or not.

"The defendants were permitted on the trial to read three or four final decrees, where judgment was taken, and foreclosures had on notes by complainant Bank and this over the exceptions of counsel for complainant, but this was permitted by the court, with the understanding that certified copied of these decrees, and/or mortgages and records of foreclosure in the Register's office of Clay County, Tennessee, would be filed later, by the complainant. If and when these certified copies are filed, and are brought to the attention of the court, the court upon request of either party to the cause, will make further findings of fact, with particular reference thereto, if at all possible.

"However, the Court in passing upon this case does not consider these various other transactions mentioned in the proof important or material, because the court is of the opinion and so finds that the note sued on is, under all the facts and circumstances of the cause, a Kentucky contract and not a Tennessee contract. The note was payable in Tompkinsville, Kentucky; negotiable there as shown on its face, and it is not disputed that it was signed in Tennessee, but subject to approval in the State of Kentucky and at complainant Bank in Tompkinsville.

"It is very ably insisted by counsel for the defendants that the note sued on shows on its face a provision for a confession of judgment and for Attorney's fees, in addition to principal and interest, and that this provision in a note being void and of no effect in the State of Kentucky, that the parties intended this transaction to be a Tennessee transaction, or contract, and that this provision in the note being valid in Tennessee, and not valid in Kentucky, that there is a presumption that the parties intended the situs of the contract to be in a forum where these provisions were valid, and the case is cited in 143 Tennessee, Page —, as authority therefor, but this cause, as the Court views it, was a case where usury was involved, and possibly the obligation in question would have been vitiated under the Tennessee law, because of the usury shown on the face of the contract.

' "As the Court views the facts of this case, it was a contract with Tennessee citizens but a Kentucky contract and not a Tennessee contract, and even if it had been shown from the proof that the complainant had done a substantial part of its business in the State of Tennessee under such circumstances as they would be required to comply with domestication laws with reference to foreign corporations, that would not change the decision in this cause, the situs of the contract being determinative here.

"Judgment is accordingly rendered in favor of the complainant and against the defendants in the sum of $1622.50, this being the amount due complainant, after deducting the amount it was agreed upon had been collected by complainant over and above legal rate of interest, since the original obligation, the court being of the opinion that the present defendants, who were sureties on the note as aforesaid, are entitled to this deduction because of the usurious nature of the transaction.

"The foregoing will be filed as a part of the record in this cause and treated as a finding of facts along with the decree in this cause.

"A. F. Officer, Chancellor."

The first assignment of error is that, "The chancellor erred in finding and decreeing that the note sued on was a Kentucky contract and not a Tennessee contract." And the second assignment is that the chancellor erred in "failing to find," in substance, the converse of the finding stated in the first assignment, supra.

It is not necessary to repeat the history of the transaction involved in this case, as it is correctly and clearly stated by the learned chancellor in his findings already quoted. We agree with his conclusion from those facts that the note sued on was "a Kentucky contract and not a Tennessee contract." Complainant bank approved and accepted the note at its place of business in Kentucky, and the contract was therefore made in Kentucky. Erwin National Bank v. Riddle, 18 Tenn. App., 561, 79 S. W. (2d), 1032, 1040; Lloyd Thomas Co. v. Grosvenor, 144 Tenn., 347, 355, 233 S. W., 669; Pioneer, etc., Loan Co. v. Cannon, 96 Tenn., 599, 603, 36 S. W., 386, 33 L. R. A., 112, 54 Am. St. Rep., 858; Commission Co. v. Carroll & McCallum, 104 Tenn., 489, 500, 58 S. W., 314.

The power of attorney contained in the note, authorizing J. H. Newman to confess judgment for the makers, pertained to the *remedy* [Farquhar & Co. v. De Haven, 70 W. Va., 738, 75 S. E., 65, 40 L. R. A. (N. S.), 956, 961, Ann. Cas. 1914A, 640, 643; Carlin v. Taylor, 7 Lea, 666, 669], and therefore is not a factor in ascertaining the place where the contract was *made*. It is not material to inquire in this case whether the parties contemplated that the contract should be construed according to the laws of the one state or the

other. The question is: Was the contract *made* in Kentucky or Tennessee? If it was made in Kentucky, the complainant was not, with reference to this particular transaction doing business in Tennessee.

■ Appellants' third assignment is that "the chancellor erred in finding and decreeing that it was immaterial to determine whether complainant bank had been and was doing some substantial part of its ordinary business in Tennessee in violation of statute, after finding as a fact that said Bank was a foreign corporation."

We assume that the third assignment, supra, was intended to challenge that part of the chancellor's findings wherein he held, in substance and effect, that, inasmuch as, in his opinion, the contract here in question was made in Kentucky, it was not important or material to consider certain "other transactions mentioned in the proof" (referring to certain judgments and foreclosure decrees in favor of complainant in Tennessee courts). We concur in the chancellor's ruling on this point. Lloyd Thomas Co. v. Grosvenor, supra, 144 Tenn., 347, at page 356, 233 S. W., 669; Hollingshead Co. v. Baker, 4 Tenn. App., 362, 373; Jung Brewing Co. v. Levisy (Tenn. Ch. App.), 37 S. W., 889.

■ Appellants' fourth assignment is that "the chancellor erred in failing to find and decree that the complainant bank, a foreign corporation, had been and was doing some substantial part of its ordinary business in Tennessee, and in violation of statute made and provided for foreign corporations doing business in Tennessee."

And appellants' fifth assignment is that "the chancellor erred, after having found that the complainant was a Kentucky corporation and not domesticated in Tennessee, and the proof showing conclusively that the complainant was doing a substantial portion of its business continuously in Tennessee, in not finding that the complainant, being a foreign corporation and not domesticated in Tennessee and doing some substantial portion of its business in Tennessee, and seeking to enforce its contracts in a Tennessee court, was without standing and in violation of statute, and that, therefore, complainant would not be entitled to recover." The proof shows, without dispute, that, throughout a considerable period of years, complainant bank has loaned substantial sums of money in the ordinary course of its banking business to numerous resident citizens of the state of Tennessee, and has at times enforced such contracts in the courts of Tennessee; but complainant has at no time had an office or resident agent in Tennessee, and such loans have been made by complainant at its banking house in Kentucky, in substantially the same manner as the loan involved in the instant case was made. The proof does not support the contention of appellants that complainant was doing a substantial portion of its ordinary business in Tennessee in violation

of our statutes (Code 1932, section 4118 et seq.) forbidding foreign corporations to do business in this state without first filing their charters, etc. Norton v. Union Bank & Trust Co. (Tenn. Ch. App.), 46 S. W., 544; Holston National Bank v. American Christian Missionary Society, 11 Tenn. App., 72, 79; Louisville Property Co. v. Nashville, 114 Tenn., 213, 84 S. W., 810; Erwin National Bank v. Riddle, supra, 18 Tenn. App., 561, 79 S. W. (2d), 1032, at page 1040.

Appellants' sixth, and last, assignment is that ''the chancellor erred in rendering judgment against the defendants on said note, or contract, and in taxing defendants with the costs of the cause.''

Nothing is offered in support of this latter assignment, except the propositions advanced by the preceding assignments, which, for the reasons stated, we do not think are well made.

It results that all the assignments of error are overruled and the decree of the chancery court is affirmed. A decree will be entered here granting a recovery in favor of complainant bank and against defendants W. W. Cherry and I. W. Mitchell, and the sureties on their appeal bond, for $1,622.50, with interest thereon from the date of the decree below (July 25, 1935), and for the costs of the cause, including the costs of the appeal.

Crownover and De Witt, JJ., concur.