# SHOENTERPRISE CORPORATION v. G. C. BUTLER et al.—329 S. W. (2d) 361.

Middle Section.   August 28, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

304

Paul A. Green and John F. Killebrew, Nashville, for Shoenterprise Corporation.

Robert L. Taylor, Nashville, for G. C. Butler et al.

FELTS, J. This was a suit brought by Shoenterprise Corporation against G. C. Butler and W. H. Butler upon a note made by them and J. E. Willingham to complainant for $10,014.58, dated May 10, 1955, and due in five annual installments, with an acceleration clause providing that upon default in the payment of any sum when due, the holder might declare the rest of the debt due.

Defendants filed an answer, in effect, confessing the case made by the bill and alleging new matter in avoidance, namely: that complainant was a foreign corporation doing business in Tennessee without domesticating, in violation of our statutes (T. C. A. secs. 48-901—48-908), had taken this note in the course of such business, and, therefore, could not maintain this suit thereon.

The Chancellor found the proof did not support this defense, found that complainant had no office or agent in Tennessee, that it was not doing business here in violation of our statutes, and that the note was not a Tennessee but a Missouri contract. He accordingly decreed complainant a recovery for the balance on the note and attorneys fees.

Defendants appealed and insist that the Chancellor erred: (1) in holding that the proof did not make out the defense that complainant was a foreign corporation doing business in Tennessee in violation of our statutes; (2) in finding that complainant did not have an office or agent in this state; (3) in holding that the note sued on was a Missouri and not a Tennessee contract; and (4) in denying defendant's motion to strike the deposition of J. W. McClure, taken June 19, 1958.

We think the Chancellor did not err in overruling defendants' motion to strike this deposition. It appears to have been "taken by consent," all formalities waived, and objections reserved to the hearing. The record does not show when or upon what ground the motion was made; but it shows the Chancellor denied the motion under Rule II (5), T. C. A. Sec. 21-1401, which requires such motion to be made and disposed of before the case is heard.

It is argued in defendants' brief, however, that the ground of this motion was that this deposition was supposed to be in rebuttal but that the whole of it was merely an attempt of the witness to explain the statements in his previous deposition and none of it was in fact in rebuttal of defendants' proof.

But it does not appear that defendants objected to any parts of the deposition upon this ground, and without having made such objection and gotten a ruling thereon by the Chancellor, defendants, we think, are in no position to complain of this matter here.

Since the defense relied on by them was an affirmative one by way of confession and avoidance, the burden was on defendants to prove this defense. Where, as here,

the answer, expressly or constructively, confesses the case made by the bill and sets up new matter in avoidance, the burden is upon defendant to prove such matter. 1 Crownover's Gibson's Suits in Chancery (5th Ed.), sec. 451.

■■■ We think defendants failed to carry the burden of proving that complainant, a foreign corporation, was doing business in the state of Tennessee in violation of our statutes. We concur in the Chancellor's finding that complainant was not doing business here, within the sense of our statutes (T. C. A. secs. 48-901—48-908), which apply not to interstate, but only to intrastate, business in this state (sec. 48-908).

It appears that complainant's business was lending money in Tennessee and other states to retail shoe stores selling shoes manufactured by the International Shoe Company, a Delaware corporation, with its principal place of business in St. Louis, Missouri. As stated, it appears complainant was a Missouri corporation with its principal place of business in St. Louis and that the loans it made were consummated in St. Louis and were payable in St. Louis.

When the operator of such a retail shoe store desired to borrow money to aid in financing his operation, he would send an application to complainant in St. Louis, and if complainant's Board of Directors approved the application, the papers would be sent to Tennessee, and signed by the applicant, sent to complainant in St. Louis, and the note would be accepted by complainant at its home office and the money then distributed from that point.

■ We also concur in the Chancellor's finding that this note was a Missouri and not a Tennessee contract. In the negotiations, defendant G. C. Butler went to St. Louis, and discussed the matter with complainant's representatives. Later, the loan was approved and the note prepared in St. Louis, mailed to defendants in Tennessee, signed by them, sent to complainant in St. Louis, and was there accepted.

Under circumstances more or less similar, this Court has held that the lending of money in this state by a foreign corporation upon a note after it has been sent to and accepted by the corporation in another state, does not constitute doing intrastate business within the meaning of our statutes. Deposit Bank v. Cherry, 20 Tenn. App. 305, 312-314, 98 S. W. (2d) 521; Erwin Nat. Bank v. Riddle, 18 Tenn. App. 561, 79 S. W. (2d) 1032; Holston Nat. Bank v. American Missionary Society, 11 Tenn. App. 72.

It is true evidence for defendants was that complainant had an agent here by the name of J. C. Gibbins from about 1950 until about 1954, when he was replaced by another agent, Bryce Gordon, who remained here until about 1957 or 1958; and that these agents closely supervised defendants operation of their store for complainant during this period.

■ Evidence for complainant, however, was that neither J. C. Gibbins nor Bryce Gordon was an agent or employee of complainant, but both were employed by the International Shoe Corporation, and what they did in this state, and by way of supervising defendants' operation of their store, was done by and on behalf of the International Shoe Corporation and not of complainant.

So, we think the Chancellor correctly found that complainant had no agent or office in the State of Tennessee during the time in question.

This disposes of all the material questions made by defendants-appellants. All of their assignments of error are overruled, and the decree of the Chancellor is affirmed. A decree will be entered here for complainant against defendants for the amount of the decree below with interest and the costs of the appeal.

Hickerson and Shriver, JJ., concur.