### DAVIS v. UNITED SHOE REPAIRING MACH. CO.

No. 2934.

Court of Civil Appeals of Texas. Beaumont.

April 6, 1936.

Rehearing Denied April 15, 1936.

W. B. Thomas, of Groveton, for appellant.

Crow & Chessher, of Groveton, for appellee.

COMBS, Justice.

This appeal is from a judgment of the county court of Trinity county, Tex., wherein appellee recovered judgment against appellant for possession of a shoe repairing machine of the alleged value of $185, which it had leased to him.

The only material question in the case is the right of appellee, a Massachusetts corporation, to maintain this suit. It has no permit to do business in this state as required by the statute. See Vernon's Ann.Civ.St. arts. 1529, and 1536.

It contends, however, that the transaction upon which its suit is based arose in interstate business, and does not come within the inhibition of the statute.

We cannot concur in such conclusion. The suit is for recovery of possession of a shoe repairing machine, leased by appellee to appellant. The contract placed in evidence obligated the appellant, as lessee, to pay a down payment of $35 and an additional $150 in monthly installments, and further to pay a monthly rental of $5 per month for the use of the machine, which remained the property of the appellee. Appellant was obligated to use said machine at his place of business in Groveton, to use it only for the repairing of shoes and not for the manufacture of shoes; and he was required to keep the machine open to the inspection of appellee's agents at all times, and the agents had the privilege of making additions and improvements on the machine. The record is rather meager, but it appears that at least some of the rental payments were collected by appellee's agents from the appellant at Groveton, Tex. Appellee's agent, in testifying at the trial, testified as to the arrearages in such payments, and that he had been endeavoring for some time to collect the amounts due. It also appeared that he was in possession of certain records pertaining to appellant's indebtedness, etc. We think it a reasonable inference that appellee was engaged in the

1108

business of leasing such machines, and that the contract placed in evidence was negotiated by its agent at Groveton, Tex., and we think the facts show that the transaction in question involved the transaction of business in Texas. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex..8, 142 S.W. 1157; Ligon v. Alexander Film Co. (Tex.Com.App.) 55 S.W.(2d) 1030.

 The judgment of the trial court is reversed, and the cause dismissed. Smythe Co. v. Ft. Worth Glass & Sand Co., supra; Taber v. Interstate B. & L. Ass'n, 91 Tex. 92, 40 S.W. 954.