GOODWIN BROTHERS LEASING, INC. *vs.* KATHERINE NOUSIS.

Middlesex.     April 6, 1977. — July 29, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & ABRAMS, JJ.

*Statute,* Construction, Retroactive statute.   *Corporation,* Foreign corporation.   *Interstate Commerce.*   *Words,* "No action shall be maintained."

In an action of contract, where a request for ruling was a patent overstatement of the law but sufficiently apprised the judge of the substance of the request, it was not so insufficient as to foreclose on procedural grounds its consideration. [172]

The provisions of G. L. c. 181, § 9, as appearing in St. 1973, c. 844, § 1, are remedial in nature and control future procedure in reference to previously existing causes of action. [172-174]

A foreign corporation which was engaged in interstate commerce and owned and leased out several machines within Massachusetts as mere incidents of its interstate business was not subject to the filing requirements of G. L. c. 181, § 4. [174-177]

Where an appeal concerned the construction of a newly enacted statute which presented substantial questions of first impression, this court denied a motion to assess additional interest as permitted by G. L. c. 231, §§ 6F and 6G. [177-178]

CONTRACT. Writ in the District Court of Central Middlesex dated September 21, 1973.

The action was heard by *Forte, J.*

*John Gazourian* for the defendant.

*Frank R. Sherman* for the plaintiff.

ABRAMS, J. The plaintiff Goodwin Brothers Leasing, Inc. (Goodwin), a Kentucky corporation, brought an action of contract to recover money allegedly due for the leasing of a Ballantyne pressure fryer under an agreement entered into with the defendant Katherine Nousis on March 18, 1970. The defendant answered by general denial, denial of the genuineness of the defendant's signature, and by pleading specially that Goodwin failed to comply with the provisions of G. L. c. 181 relating to the registration of foreign corporations.

At the close of trial the defendant made four requests for rulings of which three were granted. The judge's denial of a request concerning the effect of the failure of Goodwin to register as a foreign corporation is the principal subject of this appeal. The judge found for the plaintiff and awarded $4,917.44 in damages. The defendant's motion for a new trial was denied.

The defendant claimed a report to the Appellate Division of the District Courts, Northern District. The case was reported and, after finding no prejudicial error, the Appellate Division ordered the report dismissed. The defendant appealed to this court. We affirm the order of the Appellate Division dismissing the report.

We summarize the relevant facts. The defendant was the proprietress of a pizza business managed by her son-in-law. She arranged to acquire the Ballantyne pressure fryer from a company which then sold the machine to Goodwin. Goodwin, in turn, leased it to the defendant. The lease contract, dated March 18, 1970, was duly recorded with the town clerk of Ayer.

By the terms of the contract Goodwin retained legal title to the apparatus and reserved the right to remove it on default. It called for sixty monthly payments of $88,

amounting to a total of $5,280. In April, 1970, the defendant sold the business to her son-in-law, and he accepted delivery of the equipment in May, 1970. Sixteen monthly payments were made, but in August, 1971, the son-in-law discontinued the business and requested Goodwin to remove the fryer. Goodwin removed the machine and sued for the balance due under the contract.

Goodwin is a foreign corporation duly licensed under the laws of Kentucky. It has never filed any certificate as specified in G. L. c. 181, § 4, for foreign corporations doing business in the Commonwealth.

Chapter 181, § 3, as appearing in St. 1973, c. 1209, § 1, effective January 1, 1974, provides that every foreign corporation having no usual place of business in the Commonwealth which "owns or leases ... tangible personal property" in Massachusetts "shall be considered to be doing business in the Commonwealth."[1] Such a corporation is required to file a certificate pursuant to the provisions of G. L. c. 181, § 4. Chapter 181, § 9, as appearing in St. 1973, c. 844, § 1, provides that, if a corporation does not file such

---

[1] The full text of G. L. c. 181, § 3, is as follows: "Every foreign corporation which does business in the commonwealth or which has a usual place of business in the commonwealth, or which owns or leases real estate or tangible personal property therein without having such a usual place of business, or which is engaged therein, permanently or temporarily, and with or without a usual place of business therein, in the construction, erection, alteration or repair of a building, bridge, railroad, railway or structure of any kind, or in the construction or repair of roads, highways or waterways, or in any other activity requiring the performance of labor, shall be considered to be doing business in the commonwealth for the purposes of this chapter unless its activities within the commonwealth consist of no more than one or more of the following: (*a*) maintaining bank accounts; (*b*) maintaining or appointing trustees, depositaries, or agencies for the holding, transfer, exchange or registration of its securities; (*c*) holding meetings of its directors or shareholders; (*d*) participating or appearing in any action or suit or any administrative or arbitration proceeding, or in the settlement thereof or the settlement of claims or disputes; or (*e*) performing activities subject to regulations under chapter one hundred and sixty-seven or chapter one hundred and seventy-five, if the foreign corporation has complied with the provisions of the applicable chapter or chapters." (St. 1973, c. 1209, § 1, approved with emergency preamble, December 12, 1973; by § 2 it took effect January 1, 1974.)

a certificate, "no action shall be maintained or recovery had in any of the courts of the commonwealth by the foreign corporation as long as such failure continues." The defendant urges that Goodwin's failure to file its certificate bars it from bringing or maintaining suit on the contract in question. She argues that the failure to file requires us to reverse the judgment entered below.

1. *Sufficiency of the defendant's request for rulings.* The defendant's first request for ruling, the denial of which forms the basis of this appeal, stated: "Every foreign corporation which does business or which leases tangible personal property shall be considered to be doing business in the Commonwealth for the purposes of Chapter 181, Massachusetts General Laws. M.G.L.A. 181, Section 3 [*sic*]." The plaintiff urges that the request is fatally defective as it is an obvious misstatement of applicable law. We disagree with the Appellate Division's view that the request for ruling was so insufficient as to foreclose on procedural grounds its consideration. Although the text of the request was a patent overstatement of law, the statutory reference which followed sufficiently apprised the District Court judge of the substance of the request. Additionally, three of the eight requests submitted by the plaintiff related to the identical subject matter. While we do not indorse the submission of requests similar to that presented by the plaintiff, we conclude that the parties and the judge understood the substance of the request,[2] and we therefore proceed to examine the merits of its denial by the judge.

2. *Retroactivity.* The contract in issue was entered into in March, 1970; the breach was alleged to have occurred in October, 1971; the action was commenced by writ dated September 21, 1973; and the judge found that the breach took place in August, 1971. However, St. 1973,

---

[2] While the Appellate Division concluded that the District Court judge denied the request on this procedural basis, the record is silent on this matter and it supports with equal force an inference that the request was denied on substantive grounds.

c. 844, amending G. L. c. 181, § 9, was approved on September 28, 1973, and it did not take effect until January 1, 1974. Thus, Goodwin urges that, even were its provisions otherwise applicable, it should not be applied retroactively to defeat the award granted by the judge.

The general rule as to the retroactivity of civil statutes is well expressed in *Hanscom* v. *Malden & Melrose Gas Light Co.*, 220 Mass. 1, 3 (1914): "[A]ll statutes are prospective in their operation, unless an intention that they shall be retrospective *appears by necessary implication* from their words, context or objects when considered in the light of the subject matter, the pre-existing state of the law and the effect upon existent rights, remedies and obligations" (emphasis added). Where, however, the statute regulates practice, procedure or evidence, as distinguished from substantive rights, it will commonly be applied to actions already pending. *American Locomotive Co.* v. *Hamblen*, 217 Mass. 513, 515 (1914). *Mulvey* v. *Boston*, 197 Mass. 178, 181 (1908).

We think that the words "no action shall be maintained" indicate an implicit legislative intent that the statute apply to the instant case. The Legislature, in placing other limitations on the bringing of suit, has utilized the words "shall be brought," see, e.g., G. L. c. 260, § 3A, or "shall be commenced," see, e.g., G. L. c. 260, § 5. We find the choice of these particular words instructive.

Moreover, the statute purports not to affect substantive rights ("[n]o such failure [to file] shall affect the validity of any contract involving the foreign corporation"). We believe that it is properly characterized as remedial in nature. The statute "relate[s] only to the remedy, and . . . [it] control[s] future procedure in reference to previously existing causes of action." *Mulvey* v. *Boston, supra* at 181. The statute in question does not extinguish what is otherwise a valid cause of action; it merely requires the filing of a certificate as a condition precedent to seeking relief in the courts of the Commonwealth. Cf. *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680 (1970).

We do not think that Goodwin's difficulties in obtaining personal jurisdiction over the defendant in any other jurisdiction is a factor which renders inaccurate our characterization of the statute as remedial. Goodwin retains its substantive right to sue for the breach of contract, subject only to the requirement — if otherwise applicable, see part 3 *infra* — that it file the certificate. Cf. *Bernhardt* v. *Atlantic Fin. Corp.*, 311 Mass. 183, 190-191 (1942). "The legislative interdiction in the statute is not against the legitimacy of the contract made by a foreign corporation not licensed to do business in this State, but is against the maintenance of an action upon such a contract made by such a foreign corporation. The contract itself is valid, but a foreign corporation is prohibited from maintaining an action thereon." *Admiral Discount Corp.* v. *Bovadikov*, 46 N.J. Super. 522, 525 (1957).

3. *Applicability of the statute.* The Legislature has directed that "[e]very foreign corporation which . . . owns or leases . . . tangible personal property . . . [in the Commonwealth] shall be considered to be doing business in the commonwealth for purposes of this chapter." G. L. c. 181, § 3. The defendant urges that the Legislature's insertion of this particular clause, see St. 1973, c. 1209, § 1, evidences a clear intention that corporations engaged in activities such as those conducted by Goodwin be made subject to the provisions of c. 181.

However, a State cannot constitutionally require a foreign corporation to obtain a certificate of authority to do business in the State if its participation in the trade is limited to wholly interstate business. *Eli Lilly & Co.* v. *Sav-On-Drugs, Inc.*, 366 U.S. 276, 278 (1961). *Allenberg Cotton Co.* v. *Pittman*, 419 U.S. 20 (1974). See *Shulton, Inc.* v. *Consumer Value Stores, Inc.*, 352 Mass. 605 (1967); *Remington Arms Co.* v. *Lechmere Tire & Sales Co.*, 339 Mass. 131 (1959). Moreover, a State cannot properly bar a foreign corporation's access to its courts where that corporation is engaged solely in interstate commerce. *Sioux Remedy Co.* v. *Cope*, 235 U.S. 197, 204 (1914). *Interna-*

*tional Textbook Co.* v. *Pigg,* 217 U.S. 91, 95 (1910). "[I]t is a rule of law that a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held *to have been intended to apply only to the latter class"* (emphasis added). *Attorney Gen.* v. *Electric Storage Battery Co.,* 188 Mass. 239, 241 (1905).

Given these limitations on the legislative power and the principle of statutory construction referred to above, we conclude that the activities engaged in by Goodwin do not constitute doing business in a manner which would invoke the filing requirements of c. 181, § 4.

Intrastate commerce cannot be distinguished from its interstate counterpart by reference to any precise rule. Resolution of the question is dependent on the facts and circumstances of each particular case. *Thurman* v. *Chicago, M. & St. P. Ry.,* 254 Mass. 569 (1926). We must, however, look beyond the individual transaction which gave rise to the present controversy, as all the corporation's activity within the Commonwealth should be scrutinized prior to making that determination. *International Harvester Co. of America* v. *Kentucky,* 234 U.S. 579 (1914). We note additionally that the constitutionally required minimal in-State contacts for purposes of subjecting a foreign corporation to the State's qualification requirements are greater than the contacts required for purposes of long-arm jurisdiction. See 2 G.D. Hornstein, Corporation Law & Practice § 581, at 52 (1959). *Mahanna* v. *Franconero,* 222 F. Supp. 277 (E.D. Mich. 1963).

We review the salient features of Goodwin's business involvement within the Commonwealth. Goodwin is a duly incorporated Kentucky corporation engaged in the business of leasing equipment throughout the country. It has no usual place of business in Massachusetts; it does not have any employees located here; and it maintains no inventory of goods within the Commonwealth. Goodwin does not solicit potential lessees of its equipment in Massachusetts. Instead, it solicits business from manufacturers who

themselves find customers interested in obtaining the equipment; as a means of financing, the manufacturer sells the item to Goodwin which in turn leases the equipment to the customers which the manufacturer has already found. Goodwin's bills are mailed from offices in Kentucky, and rental payments are sent by its customers to the same address. At present, Goodwin maintains similiar arrangements in Massachusetts for the rental of two other pressure frying machines.

On the basis of the above recited facts, we do not believe that the provisions of c. 181 apply to operations similar to the one under present scrutiny. Goodwin is engaged only in interstate commerce, and the several machines which it owns and leases out within the Commonwealth are mere incidents of its interstate business. Goodwin's Massachusetts operation does not possess even those features which we previously have found inadequate to support a characterization of a corporation's business as being intrastate. See, e.g., *Shulton, Inc.* v. *Consumer Value Stores, Inc., supra; Remington Arms Co.* v. *Lechmere Tire & Sales Co., supra.*

Our holding is consistent with previous rulings in other jurisdictions. See, e.g., *Rochester Capital Leasing Corp.* v. *Sprague,* 13 Ariz. App. 77 (1970) (lease of hydroponic feeding equipment, manufactured out of State); *General Talking Pictures Corp.* v. *Shea,* 185 Ark. 777 (1932) (lease to provide two sets of motion picture sound equipment, service of the equipment, and parts replacement); *Duncan Cleaners, Inc.* v. *Shuman Co.,* 119 Ga. App. 128 (1969) (rental of 100 valet depository machines); *Rochester Capital Leasing Corp.* v. *Schilling,* 223 Tenn. 478 (1969) (rental of fifteen postage stamp vending machines); *Johnston* v. *Lamson Co.,* 159 Va. 666 (1933) (contract to lease thirty-three cash registers and to service them over ten-year period); *United Shoe Repairing Mach. Co.* v. *Carney,* 116 W. Va. 224 (1935) (lease of shoe machinery to be shipped out of State upon expiration of agreement); *Milwaukee Tank Works* v. *Metals Coating Co. of America,* 196 Wis. 191 (1928) (lease of device used to coat castings

with zinc). Cf. *Cadden-Allen Inc.* v. *Trans-Lux News Sign Corp.*, 254 Ala. 400 (1950) (lease of sign; lessor held subject to corporate qualification requirements because lessor retained right to inspect, repair, and maintain sign and lessor exercised these rights); *Guest Piano Co.* v. *Ricker*, 274 Ill. 448 (1916) (lease of piano held intrastate business because contract made within State, lessor maintained sales room within State, and lessor conducted general leasing business within State); *State ex. rel. Hays* v. *Robertson*, 271 Mo. 475 (1917) (contract for a lease of linotype machinery was held to be doing business for registration purposes because of large number of similar arrangements within State); *Walter E. Heller & Co.* v. *Stephens*, 79 N.M. 74 (1968) (lease of custom-built mine machinery held intrastate business due to fact that the machinery was located in State prior to the contract and would remain in State after its expiration); *Davis* v. *United Shoe Repairing Mach. Co.*, 92 S.W. 2d 1107 (Tex. Civ. App. 1936) (lease of shoe machinery held sufficient to subject corporation to registration requirements because rental payments collected in State and because lessor's agents retained right to make improvements on the machine).

4. *Goodwin's motion for additional interest.* General Laws c. 231, §§ 6F and 6G, inserted by St. 1976, c. 233, § 1, empower this court to assess additional interest where the claims advanced by counsel are "wholly insubstantial, frivolous and not advanced in good faith." C. 231, § 6F. The plaintiff urges that it would be appropriate for us to apply the statute in the instant case. Leaving aside the question whether the statute has been in effect during the pendency of these proceedings,[3] we conclude that it would be improvident to levy this additional cost on the defendant. The appeal concerns the construction of a newly enacted statute which presented substantial questions of first im-

---

[3] The effective date of St. 1976, c. 233, § 1, as established by the Legislature, is July 1, 1977. But see *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 562 n.9 (1976).

pression. We do not believe that the defendant has evidenced bad faith in pressing such a claim. The motion is therefore denied.[4]

*Order dismissing report affirmed.*

---

[4] The defendant moved for a new trial, but did not specify the ground on which the motion was based. The proceeding below was governed at that time by Rules of the District Courts (1965), since replaced by the District/Municipal Courts Rules of Civil Procedure (1975). Rule 26 of the former rules provided in pertinent part that "[n]o motion for a new trial . . . shall be sustained unless . . . [such motion specifies] the grounds of complaint." Our review of the record indicates that the defendant did not particularize the basis of her motion; it was therefore properly denied by the District Court judge. We do not consider claims made for the first time on appeal. See *Kagan* v. *Levenson,* 334 Mass. 100, 106 (1956).