COMMONWEALTH *vs.* KENNETH SILVA. April 12, 1978. The question on appeal is whether the trial judge erred in denying the defendant's motion (which had been assented to by the prosecutor) for a continuance. In ruling on such a motion a judge must balance the movant's need for additional time against the prejudice to the Commonwealth. *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 274, 276 (1973). *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 51 (1976). There is no "mechanical test" for deciding when denial of a continuance is so arbitrary as to violate a defendant's right to due process. Each case stands on its own footing. *Id.* at 51, and cases cited. There was a showing in the instant case that Silva was prejudiced by the unavailability of two witnesses whose testimony would have contradicted that of the only witness, a State police officer, who had connected Silva to the crime. That officer testified that he had recognized Silva as the driver of a stolen truck which had collided with his police cruiser during a high speed, nighttime chase. The officer further testified that he had not arrested any other person as the driver of the truck and that he had not mistaken any other person for Silva. But, according to Silva's affidavits, one of the unavailable witnesses would have testified that the officer had

arrested him at gunpoint moments after the chase had ended and accused him of being the driver of the truck. Silva's affidavits indicate that several days following the incident the second unavailable witness (who worked with Silva) was mistaken for Silva by the same officer. Testimony at trial indicated that neither of the unavailable witnesses bore a resemblance to Silva. The Commonwealth would not have been prejudiced by the continuance to which it had assented. Applying the balancing test articulated above to the facts, we conclude that the judge abused his discretion. This is not a case where the motion for a continuance arose from lack of preparation or as a delaying tactic. Prior to the denial of his motion, Silva had been in court with his witnesses ready for trial on three occasions when the case had been scheduled but was not called. See *Commonwealth* v. *Cavanaugh, supra* at 52-53. Compare *Commonwealth* v. *Howard,* 4 Mass. App. Ct. 476, 483 (1976). Finally, we disagree with the Commonwealth's contention that the anticipated testimony of the two unavailable witnesses would be merely cumulative. That testimony would have differed significantly from the testimony given by other witnesses at trial.

*Judgments reversed.*
*Verdicts set aside.*

*Louis J. Ostric* for the defendant.
*Douglas B. Weilding,* Special Assistant District Attorney, for the Commonwealth.