COMMONWEALTH *vs.* BERT BENNETT. November 28, 1979. The defendant appeals by a bill of exceptions his convictions of disorderly conduct and assault and battery on a police officer, alleging as error the judge's refusal at the close of the Commonwealth's case to continue the trial for one day to enable the defendant to present the testimony of a witness who was allegedly summoned for the day of trial but had informed defense counsel she would not appear until the following day. The judge again refused a continuance in mid-afternoon, at the close of the defendant's case, making a determination that the testimony of the missing witness would merely corroborate that given by the defendant and six other witnesses who had already testified in his behalf. Closing arguments were made. The following morning before charging the jury the judge denied the defendant's motion to reopen the testimony to receive that of the then-present witness. The record falls short of showing an abuse of discretion. *Commonwealth* v. *Funderberg,* 374 Mass. 577, 580 (1978). *Commonwealth* v. *Watkins,* 375 Mass. 472, 489, 490 (1978). Compare *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 276-278 (1973); *Commonwealth* v. *Silva,* 6 Mass. App. Ct. 866 (1978). Independent reasons support the judge's reluctance to reopen the testimony after final arguments had been made.

*Exceptions overruled.*

*John J. Connell* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.