SIERRA MARKETING, INC. *vs.* NEW ENGLAND WHOLESALE COMPANY, INC., & another. August 16, 1982. This action was commenced by Sierra Marketing, Inc. (Sierra), against New England Wholesale Company, Inc. (New England), and its president and sole stockholder, John Regish, to recover $33,289 which Sierra alleged was due it for 900 wood stove doors sold and delivered to the defendants in 1977 by Sierra's assignor, Investment Rarities, Inc. In their answer, the defendants claimed that the stove doors were defective and asserted a number of counterclaims that included allegations that Sierra had violated G. L. c. 93A in its dealings with them. Following a jury-waived trial in the Superior Court, judgment was entered for Sierra for $24,870. That figure represents the amount claimed by Sierra less setoffs for 100 doors which the court found to be defective and a $4,864.34 payment which the court found the defendants had made in October, 1977, to Sierra's assignor in partial payment on the account at issue.

All of the parties have now appealed. The defendants allege that the judge erred in allowing Sierra to recover on its contract claim and contend that they were entitled to relief on their c. 93A counterclaim as a matter of law. They also argue that Sierra is not entitled to maintain the action because of its failure to comply with the qualification requirements of G. L. c. 181 and that the judge erred in entering judgment against Regish individually. In its cross appeal, Sierra contends that the October, 1977, payment made to its assignor was not on the account at issue and should not have been applied to reduce the amount of its recovery.

1. We consider first the defendants' argument that G. L. c. 181, § 9, precludes Sierra, a Virginia corporation, from maintaining this action because of its failure to file the certificate required by G. L. c. 181, § 4, with the State Secretary. It is settled that the qualification requirements of G. L. c. 181 are inapplicable to foreign corporations whose activities within the Commonwealth are limited to those of an interstate nature. *Remington Arms Co.* v. *Lechmere Tire & Sales Co.*, 339 Mass. 131 (1959). *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. 169 (1977). The record before us discloses nothing to indicate that the plaintiff had ever conducted any intrastate activity in Massachusetts. It appears that Sierra's activities here were limited to communications with the defendants from its Virginia offices and a 1978 trip to Hadley, Massachusetts, made by Sierra's president to discuss the defendants' account. In addition, Sierra's president offered uncontradicted testimony that Sierra never maintained an office or an employee in Massachusetts. This minimal level of activity and its obviously interstate quality leads to the conclusion

that Sierra cannot be barred from the courts by G. L. c. 181, § 9. See *Shulton, Inc.* v. *Consumer Value Stores, Inc.*, 352 Mass. 605, 611-612 (1967); *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. at 175-176.

2. The defendants' second contention is that the judge erred in allowing Sierra to recover on its contract claim. The primary thrust of this somewhat vague argument appears to be that, based on the evidence before him, the trial judge was compelled to conclude that all of the doors delivered to the defendants were defective. Although the defendants introduced credible expert testimony concerning an alleged design defect in the doors, there was an abundance of evidence to support the judge's finding that no more than 100 were defective. For example, Regish himself testified that he had received complaints on only half of the 200 Sierra stoves that he had sold. There was also testimony from another Sierra licensee who had experienced a failure rate in the doors of only one to two percent and who stated that this rate was inherent in any cast iron product. An explanation of the abnormal failure rate apparently experienced by the defendants on the stoves that they had sold was offered by an employee of Investment Rarities who stated that their foundries would occasionally produce a bad "batch" of doors. In view of this evidence, the fact that the doors were delivered to the defendants in several shipments, and G. L. c. 106, § 2-607(4)'s, imposition of the burden of proof on the buyer to establish any breach regarding accepted goods, we decline the defendants' invitation to tread upon the "preserve of the trial judge," *Springgate* v. *School Comm. of Mattapoisett*, 11 Mass. App. Ct. 304, 310 (1981), and conclude that his finding that only 100 of the doors were defective is not clearly erroneous.

3. We also reject the defendants' claim that they are entitled to relief under c. 93A as a matter of law. The only claims that the defendants raise in support of this argument which have any substance are based on Sierra's alleged sale of goods having a fifty percent failure rate and its use of what the defendants contend was false and misleading advertising. As just discussed, however, we believe that the judge was fully justified in finding that only 100 of the doors delivered to the defendants were defective. As the defendants have therefore failed to establish the factual predicate of their initial point, we need not consider whether the conduct alleged would amount to a violation of c. 93A. With respect to the defendants' second contention, even if we were to assume that the advertisements at issue were misleading, we would still uphold the judge's ruling. Our review of the record discloses nothing which demonstrates that the defendants in any way relied to their detriment on those advertisements. Hence they have failed to demonstrate, as they must to recover under G. L. c. 93A, § 11, inserted by St. 1972, c. 614, § 2, that they have suffered a loss "of money or property . . . as a result of" Sierra's purported violation of § 2. See *MacGillivary* v. *W. Dana Bartlett Ins. Agency, ante* 52, 58-61 (1982).

4. Nor can we accede to Regish's suggestion that the judge erred in ruling that he was liable to Sierra individually. In disposing of this issue we need look no further than the stipulation entered into by Regish's counsel (who is not representing Regish on this appeal) under which Regish agreed "personally [to] guarantee any indebtedness adjudicated to be owing by New England Wholesale Company, Inc. to Sierra Marketing, Inc." That stipulation was entered in the record and was the subject of an unsuccessful motion to strike made by the defendants. As such, it was properly before the trial judge and is binding on Regish notwithstanding that it was not admitted in evidence as an exhibit. See Liacos, Massachusetts Evidence 14-15 (5th ed. 1981). Cf. *Harpel* v. *Craig*, 327 Mass. 229 (1951).

5. The only issue raised by Sierra's cross appeal concerns setoffs made by the trial judge for the October, 1977, payment which he found had been sent by the defendants to Sierra's assignor on the account at issue. Specifically, Sierra argues that the evidence required the judge to find that the October check represented payments for (1) two instalments owed by the defendants for the franchise rights and (2) eighty doors delivered to the defendants in June, 1977, that were in addition to the 900 covered by Sierra's complaint. We agree with Sierra that the evidence required the judge to find that $1,876.34 of that payment represented two franchise instalments and should not have been applied to reduce the plaintiff's recovery. Although the record is somewhat unclear as to the purpose for which the remainder of the payment was made, we believe that there is evidence in the record to support the judge's finding that it represented partial payment on the 900 doors underlying Sierra's complaint. We have reviewed all the evidence on this point, and as we are not left with the firm conviction that the trial judge made a mistake in crediting the defendants with the remaining $2,988, see *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 161 (1977), we conclude that this part of the judge's findings is not clearly erroneous. Accordingly, the judgment is to be modified to increase the plaintiff's recovery by $1,876.34 with interest. In all other respects the judgments are affirmed.

*So ordered.*

*Richard M. Howland* for the defendants.
*Patrick J. Melnik* for the plaintiff.