CINDER PRODUCTS CORPORATION *vs.* SCHENA CONSTRUCTION CO., INC., & another.[1] May 19, 1986. *Corporation,* Foreign corporation. *Notice. Mail.*

1. *Doing Business in Massachusetts for Purposes of G. L. c. 181.*

As to what constitutes doing business in Massachusetts by a corporation so that it must file a certificate with the Secretary of the Commonwealth as required by G. L. c. 181, § 4, we look to the authority of *Remington Arms Co.* v. *Lechmere Tire & Sales Co.,* 339 Mass. 131, 133-138 (1959), *Shulton, Inc.* v. *Consumer Value Stores, Inc.,* 352 Mass. 605, 611-612

---

[1] Insurance Company of North America.

(1967), and *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. 169, 174-176 (1977). Laying the facts in those cases against those presented here, we entertain no doubt that Cinder Products Corporation (Cinder Products), the plaintiff, was not doing business in Massachusetts within the meaning of G. L. c. 181, § 4, and is not barred by G. L. c. 181, § 9, from maintaining this action.

Cinder Products, a Rhode Island corporation, manufactured cinder blocks and maintained an office in Warwick, Rhode Island. It had no office in Massachusetts. In connection with a public schools renovation job in Waltham it supplied to the general contractor, Schena Construction Co., Inc. (Schena), a pumice block with good acoustical properties. The president of Cinder Products occasionally came into Massachusetts to promote his company's products, and the company employed one other salesman, whose principal assignment was to call on architects in Connecticut, Massachusetts, and Rhode Island for the purpose of beating the drum for Cinder Products' wares. Cinder Products customarily received orders by telephone or written purchase order in Rhode Island and then, using its own trucks, shipped block to job sites. The plaintiff stored no inventory in Massachusetts. At bottom, Cinder Products manufactured products in Rhode Island which it shipped to the point of consumption. Of the trilogy of authorities mentioned above, the *Shulton* case is most dispositive. Shulton, Inc., the plaintiff in that case, was held not to have been doing business in Massachusetts for purposes of G. L. c. 181, § 4. It had its Massachusetts market covered by six salesmen and a person who demonstrated products. Shulton also had a far greater and steadier number of Massachusetts customers than was the case here. The absence of office, telephone listing, bank account or property in Massachusetts were also factors in *Shulton*. So here. See also *Memphis Steam Laundry Cleaner, Inc.* v. *Stone*, 342 U.S. 389, 392-393 (1952); *Sierra Marketing, Inc.* v. *New England Wholesale Co.*, 14 Mass. App. Ct. 976 (1982).[2]

2. *Adequacy of Notice Under G. L. c. 149, § 29.*

(a) *Special fabrication.* The trial judge found that the block furnished by Cinder Products was "suitable for use in any similar project" and, therefore, not "specially fabricated" within the meaning of G. L. c. 149, § 29, third paragraph, as appearing in St. 1972, c. 774, § 5. See and compare *C.C. & T. Constr. Co.* v. *Coleman Bros.*, 8 Mass. App. Ct. 133, 138 (1979). It was, therefore, not necessary for Cinder Products, a "claimant having a contractual relationship with a subcontractor" (a masonry subcontractor, New Stone Construction Company, Inc., which failed during the course of the job), to have given the general contractor (Schena) "written notice of the placement of [the subcontractor's] order and the amount thereof

---

[2] Less palpable contacts may characterize a person as doing business in Massachusetts for purposes of the long-arm statutes. G. L. c. 90, § 3A, and c. 223A. See cases collected in *Balloon Bouquets, Inc.* v. *Balloon Telegram Delivery, Inc.*, 8 Mass. App. Ct. 935 (1984).

not later than twenty days after receiving the final approval in writing for the use of the material." See G. L. c. 149, § 29, third paragraph.

(b) *Written notice to the general contractor*. Under § 29 standard notice of a claim against the general contractor and his bond for labor materials furnished to a subcontractor must be served in writing within sixty-five days after the day on which the claimant last furnished labor or materials. Cinder Products made its last delivery to the job site for the account of New Stone on February 18, 1977. The judge found that Cinder Products mailed notice of its claim to Schena and the bonding company on March 17, 1977, and that Schena, in all events, received a copy of the notice no later than March 30, 1977, i.e., forty days after the last delivery. For those findings there is support in the record. Whether the copy mailed by Cinder Products ever timely reached Schena (as to which the record is inconclusive) or whether the copy which arrived to Schena came from the bonding company is inconsequential. Schena, as general contractor, was fully informed in writing within the statutory period.

(c) *Failure to send notice by registered or certified mail*. The finding, which we determined, *supra*, to have been supported by the evidence, that Schena received timely notice of the claim of Cinder Products, similarly renders inconsequential the failure of Cinder Products to execute with precision the registered or certified mail requirement of G. L. c. 149, § 29. Contrast *Space Bldg. Corp.* v. *Insurance Co. of No. America*, 7 Mass. App. Ct. 933, 934 (1979). Compare *Barboza* v. *Aetna Cas. & Sur. Co.*, 18 Mass. App. Ct. 323, 327-328 (1984). Statutory prescription of registered mail or certified mail notice is to facilitate proof of delivery of notice. If actual timely notice is proved (the record contains a copy of the notice bearing a receipt stamp by Schena dated March 30, 1977), failure to comply with a registered or certified mail requirement is not a fatal deviation from statutory procedures. *Sevigny* v. *Dowd*, 343 Mass. 160, 161-162 (1961). *Gerson Realty Inc.* v. *Casaly*, 2 Mass. App. Ct. 875 (1974). See *Great Atlantic & Pacific Tea Co.* v. *Yanofsky*, 380 Mass. 326, 331 (1980).

*Judgment affirmed.*

*John J. Spignesi* for the defendants.
*Seth M. Kalberg, Jr.*, for the plaintiff.