Chin, J.
This is an interlocutory appeal by defendant, American Computer Consortium, Inc. (hereinafter “American Computer”) from the allowance of plaintiff *115 Offline Micros, Inc’s (hereinafter “Offline”) Motion to Strike the Counterclaim of American Computer.
Plaintiff-Offline filed a complaint alleging a breach of a contract to lease computer equipment. Defendant-American Computer filed an answer and a counterclaim seeking damages for, among other claims, interference with advantageous business relations, defamation for damage to its business reputation and violation of G.L Chapter 93A.
The plaintiff-Offline’s Motion to Strike the Counterclaim of American Computer was based on G.L Chapter 181, section 4, which requires certain foreign corporations to register with the State Secretary. Section 9 of Chapter 181 provides that foreign corporations failing to comply with section 4 shall not maintain any action or obtain a recoveiy in any court of the Commonwealth. It is undisputed that defendant has not registered with the State Secretary.
The sole issue presented by this Report is whether defendant-American Computer was doing business in the Commonwealth within the meaning of G.L Chapter 181, section 4.
The defendant leased computer equipment to Digital Equipment Corporation in Massachusetts. Plaintiff acted as agent for defendant for the purpose of furnishing, installing and maintaining said equipment.
Defendant cites the case of Goodwin Bros. Leasing, Inc. v. Nousis, 373 Mass. 169 (1977) in support of its contention that it is not doing business in Massachusetts.
Goodwin involved a Kentucky corporation that leased equipment in Massachusetts. Goodwin did not solicit leases in Massachusetts. Instead it solicited manufacturers of machinery who already had potential customers in Massachusetts. As a means of financing, the manufacturers sold the items to Goodwin who in turn leased the equipment to the customer.
The case at bar is much different. Defendant solicited business in Massachusetts and was not merely a financing agency. It furnished, installed and maintained the equipment by its agent, the plaintiff. In fact, in paragraph 12 of its counterclaim, defendant alleges it had “invested substantial energies and time of its sales force for a period of up to six months attempting to obtain business from Digital Equipment.” The defendant further alleges that it had a “successful business relationship with Digital which had resulted in three separate transactions between the two companies over a period of two to three months.”
In fact, defendant’s counterclaim alleges damage to its business relationship in Massachusetts with Digital Equipment Corporation.
It is very clear that defendant American Computer is doing business in Massachusetts within the meaning of G.L Chapter 181, section 4. Accordingly, pursuant to G.L Chapter 181, section 9 the defendant could not maintain any action or obtain a recovery in any court of the Commonwealth since it had not complied with the registration requirement.
For the foregoing reasons we find no error by the motion judge and order the Report dismissed.