Sherman, P.J.
This is an action in contract to recover payment for goods sold and delivered to the defendant Massachusetts corporation by plaintiff Monseco Leather, Inc. (“Monseco”), a Delaware corporation.
The defendant has appealed the court’s entry of summaiy judgment for Monseco upon the allowance of Monseco’s Dist./Mun. Cts. R. Civ. P., Rule 56 motion and the denial of the defendant’s cross motion. The sole issue raised by this appeal is whether Monseco is precluded by G.L.c. 181, §9[1] from maintaining any action or securing any recovery in the courts of this Commonwealth by its failure to comply with the filing requirements imposed by G.L.c. 181, §4[2] upon foreign corporations doing business in Massachusetts under G.L.c. 181, §3.[3]
The narrowing of the parties’ controversy to this single defense is a function of the absence from the record of any factual or legal issue as to the defendant’s liability for the full amount of the damages claimed by Monseco. In support of its Rule 56 motion, Monseco averred that it sold and delivered merchantable goods to the defendant on an open account which has an outstanding balance of $11,051.95. In answers to interrogatories propounded by Monseco, the defendant admitted that it had taken timely deliveries of conforming goods, free of defect, at the agreed upon price and sales terms, and that it had made no payment to Monseco for the same. Further, the defendant offered nothing by way of affidavit or supporting materials in its own Rule 56 motion which qualified, explained or even addressed its admissions of liability for breach of contract in the full amount of the damages sought by Monseco.
*160 Unable to marshal any excuse or justification for its non-payment, the defendant has endeavored instead to deprive Monseco of its right to employ Massachusetts court resources to collect payment. However, in support of its G.L.c. 181, §9 contention, the defendant has advanced only the Secretary of State’s certificate that Monseco is notregistered to do.business in this state pursuant to G.L.c. 181, §4. Such Certificate simply begs the dispositive question in this matter of whether Monseco is engaged solely in interstate commerce so as to be exemptfrom state registration requirements.
In contrast to the defendant’s minimal Rule 56 showing, Monseco’s affidavit and answers to the defendant’s interrogatories indicate that Monseco has a usual place of business in New Castle, Delaware and neither maintains an office or place of business, nor has any assets located in this Commonwealth. Monseco’s sales of leather goods resultfrom its acceptance in Delaware of orders placed by telephone and mail, and its shipments from Delaware to customers in other states, including Massachusetts.[4] The plaintiff employs a single sales representative for its multi-state New England territory who happens to reside in Swampscott, Massachusetts. Monseco’s promotional activities in Massachusetts for 1990 through 1992 were confined to its representative’s attendance twice each year at suppliers’ trade shows where merchandise is displayed for potential customers. Finally, Monseco expressly averred that it does no business in Massachusetts except that which is incidental no its interstate commerce.
On the basis of the parties’ pleadings, answers to interrogatories and Monseco’s affidavit, the motion judge ruled that there existed no genuine issue of material fact as to either the defendant’s liability for the damages sought by Monseco, or Monseco’s status as a foreign corporation engaged in interstate commerce and exempt from the filing requirements of G.L.C. 181.
1. The contention that a foreign corporation is barred from maintaining any action in Massachusetts by G.L.c. 181, §9 is an affirmative defense which must be pleaded[5] and proved by the defendant. Edgcomb Steel of New England, Inc. v. Salvo & Armstrong Steel Co., 381 Mass. 773, 773-774 (1980); Remington Arms Co. v. Lechmere Tire & Sales Co., 339 Mass. 131, 133 (1959). The burden of proving Monseco’s lack of capacity co sue was also upon the defendant herein by virtue of Rule 56 (c) and (e) and the nature of the parties’ cross-motions for summary judgment. Monseco’s Rule 56 motion, supported by affidavit, set forth assertions of its interstate commerce and resulting exemption from G.L.c. 181, §§4,9 which were sufficient to shift to the defendant the burden of proving either the contrary proposition or at least the need for a trial of the issue. Dist./Mun. Cts. R. Civ. P., Rule 56 (e). See generally, Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass. App. Ct. 723, 725-726 (1979). It was also incumbent upon the defendant as the moving party on its own Rule 56 motion to demonstrate that it was entitled to a judgment in its favor as a matter of law because of a G.L.c. 181, §9 bar to Monseco’s maintenance of this action. Dist./Mun. Cts. R. Civ. P., Rule 56(c). See *161 generally, Attorney General v. Bailey, 386 Mass. 367, 371 (1982); Dolloff v. School Comm. of Methuen, 9 Mass. App. Ct. 502, 505 (1980).
2. It is clear that the defendant has failed to sustain its Rule 56 burden of proof on this issue. Although there is no “precise rule” for determining when a foreign corporation is engaged in interstate rather than Massachusetts commerce, Goodwin Bros. Leasing, Inc. v. Nousis, 373 Mass. 169, 175 (1977), it has been established that the "constitutionally required minimal in-State contacts for purposes of subjecting a foreign corporation to the State’s qualification requirements are greater than the contacts requiredfor purposes of longarm jurisdiction.” Id. at 175. See also, Orion Ins. Co. PLC v. Shenker, supra at 761 n.9; Cinder Products Corp. v. Schena Construc. Co., 22 Mass. App. Ct. 927, 928 n.2. (1986). Thus it has been held that a foreign corporation’s promotional activities, employment of numerous salespersons, and maintenance of an office and local bank account in Massachusetts are practices merely incidental to its interstate commerce which are insufficient to bring the corporation within the registration requirements of G.L.c. 181, §4. See Remington Arms Co. v. Lechmere Tire & Sales Co., supra at 137. See also, Shulton, Inc. v. Consumer Value Stores, 352 Mass. 605, 611-612 (1967). As Monseco engages in even less intrastate activity in this Commonwealth, it is not “doing business” in Massachusetts finder G.L.c. 181, §3, and cannot be constitutionally barred from the courts of this State by G.L.c. 181, §9. Sierra Marketing, Inc. v. New Eng. Wholesale Co., 14 Mass. App. Ct. 976, 976-977 (1982).
3. Despite its own submission of a cross-motion for summary judgment, the defendant now contends that the question of whether a foreign corporation is “doing business” in Massachusetts within thepurview of G.L.c. 181,§3isaninherentlyfactual issue unsuitable for determination under Rule 56, and that it should be permitted to proceed to trial to explore fully the character and extent of Monseco’s Massachusetts activities.
Although the “resolution of the question is dependent on the facts and circumstances of each particular case,” Goodwin Bros. Leasing, Inc. v. Nousis, supra at 175, the question becomes one of law once all relevantfacts and circumstances have been agreed upon or determined. It was incumbent upon the defendant herein to demonstrate affirmatively that some material fact or circumstance determinative of Monseco’s obligation to register to do business in this Commonwealth was genuinely disputed. See generally, Godbout v. Cousens, 396 Mass. 254, 262-263 (1985); First Nat’l Bk. of Boston v. Slade, 379 Mass. 243, 246 (1979). The defendant could not defeat Monseco’s well-pleaded Rule 56 motion solely on the basis of a conclusory assertion that other facts were potentially discoverable at trial.
“One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported... defenses...” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713 (1991), quoting from Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986). Such purpose was effectively served by the trial court’s entry of summary judgment for Monseco in this case.
There being no error, the report is dismissed.

 Section 9 of G.L. c. 181 provides in relevant part: “Every foreign corporation which fails to file an initial certificate or an amended certificate as required by §4 shall... be fined no more than $500.00. No such failure shall effect the validity of any contract involving the foreign corporation, but no action shall be maintained or recovery had in any of the courts of the commonwealth by the foreign corporation as long as such failure continues.”

 Section 4 of G.L. c.181 states: “Every foreign corporation doing business in the commonwealth shall file with the state secretary, within ten days after it commences doing business in the commonwealth, a certificate signed under the pains and penalties of peijury... in such form as the state secretary shall require, stating: ...” The statute then sets forth a number of informational items; it also requires the submission of annual reports by the foreign corporation.

 Section 3 of G.L. c.181 provides: “Every foreign corporation which does business in the commonwealth or which has a usual place of business in the commonwealth, or which owns or leases real estate therein without having such a usual place of business, or which is engaged therein... in the construction, erection, alteration or repair of a building, bridge, railroad, railway or structure of any kind... or [of] roads, highways or waterways or in any other activity requiring the performance of labor, shall be considered to be doing business in the commonwealth for the purposes of this chapter....”

The interrogatories propounded by the defendant also requested Monseco’s total net sales for 1990 and 1991, and its total Massachusetts sales for all products delivered in the same years. Even if the Massachusetts percentage of Monseco’s total interstate sales were to be deemed a relevant G.L.c. 181, §§4,9 consideration, no valid ratio can be determined from the net and gross revenue figures given.

 The defense is one of the plaintiffs lack of capacity to sue, Orion Ins. Co. PLC v. Shenker, 23 Mass. App. Ct. 754, 756 (1987), which mustbe raised in the answer by “specific and particularized negative averment” pursuantto Dist./ Mun. Cts. R. Civ. P., Rule 9(a), ormade the basis of aDist./ Mun. Cts. R. Civ. P., Rule 12(b) (6) motion for failure to state a claim upon which relief can be granted in those cases wherein the plaintiffs lack of capacity is apparent on the face of the complaint. Id. at 756. Although the affirmative defense of lack of capacity should be pleaded or raised in a timely manner, see discussion J. SMITH & H. ZOBEL, RULES PRACTICE §9.1, p.248 (1977), the issue maybeproperlyresolved by summary judgment. Orionlns. Co. PLCv. Shenker, supra at 756 n. 4. See generally, Shea v. Bay State Gas Co., 383 Mass. 218, 219-220 n.3 (1981).